**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TYRONE MERRITT, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CV-03277-XR |
| | § | |
| H-E-B GROCERY COMPANY, LP, JAKE | § | |
| DE LA CRUZ, STORE MANAGER, H-E- | § | |
| B #567; | | |
| *Defendants* | | |

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

Before the Court is Magistrate Judge Bemporad's Report and Recommendation (R&R) on

Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 4). After careful consideration of the

R&R and Plaintiff's objections (ECF No. 7), the Court issues the following order.

**BACKGROUND**

**I. Factual Allegations**

According to Plaintiff's proposed complaint, he entered an H-E-B store in December 2025

while wearing a recording device. ECF No. 1-1 at 2. His doctor prescribed the device to assist

Plaintiff with memory issues related to a brain injury. *Id.* Defendant Jake De La Cruz, H-E-B's

store manager, allegedly refused to allow Plaintiff to wear the recording device and asked him to

leave the store. *Id.* De La Cruz then called police, who escorted Plaintiff out. *Id.*

Based on these facts, Plaintiff brings the following claims:

(1) disability discrimination in violation of the Americans with Disabilities Act ("ADA")
against Defendant H-E-B Grocery Company, LP ("H-E-B");

(2) disability discrimination in violation of the Texas Human Resources Code against
Defendants H-E-B and Defendant Jake De La Cruz;

1

(3) common-law intentional infliction of emotional distress against Defendants H-E-B-
and Defendant De La Cruz.

ECF No. 1-1 at 2. Plaintiff seeks to proceed *in forma pauperis*. ECF No. 1.

**II. The Magistrate Judge's Recommendation**

Magistrate Judge Henry J. Bemporad recommends that this Court grant Plaintiff's IFP application, dismiss his IIED claims without prejudice, dismiss his ADA claim against H-E-B with prejudice, dismiss his THRC claim against De La Cruz with prejudice, and allow his THRC claim against H-E-B to proceed. ECF No. 4 at 6.

Regarding the IIED claims, the Magistrate Judge states that the Court cannot infer from the alleged facts that De La Cruz or H-E-B intended to cause severe emotional distress. ECF No. 4 at 5. But he recommends granting leave to amend because it is possible that Plaintiff could make additional factual allegations that would support this claim. ECF No. 4 at 6

Judge Bemporad concluded that the ADA claim should be dismissed with prejudice. He reasoned that the ADA defines "public entity" narrowly and does not encompass a privately-owned grocery store company. ECF No. 4 at 5.

Regarding the THRC claims, Judge Bemporad concludes that Plaintiff states a THRC claim against H-E-B but not De La Cruz. *Id.* Judge Bemporad explained that unlike the ADA, the THRC's definition of a public facility in § 121.002 includes retail businesses. ECF No 4 at 4. Plaintiff accordingly can state a claim against H-E-B. *Id.* But Judge Bemporad determined that an individual cannot be liable under this statute, so the THRC claim against De La Cruz should be dismissed.

**LEGAL STANDARD**

A party may serve and file objections to a Report and Recommendation within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those

2

findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## DISCUSSION

Plaintiff objected to the Magistrate Judge's recommendation that this Court dismiss Plaintiff's ADA claim against H-E-B and THRC claim against De La Cruz. ECF No. 7.

### I. Plaintiff States an ADA Claim Against H-E-B as a Place of Public Accommodation

Plaintiff argues that his ADA claim should not be dismissed because Title III of the ADA applies to H-E-B as a public accommodation. *Id.* at 2.

Title III states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the . . . facilities . . . of any place of public accommodation." 42 U.S.C. § 12182(a). Title III provides a list of private entities that are considered public accommodations. *See id.* at § 12181(7). That list includes grocery stores. *Id.* at § 12181(7)(e).

H-E-B is a grocery store, so it is a place of public accommodation. Plaintiff alleges sufficient facts to support an inference that he was denied full enjoyment of H-E-B's facility because of his disability, so Plaintiff's ADA claim should not be dismissed with prejudice at this stage.

**II. Plaintiff States a THRC Disability-Discrimination Claim Against De La Cruz**

The Magistrate Judge recommends dismissing Plaintiff's state-law disability-discrimination claim with prejudice because De La Cruz is not a public facility. Plaintiff objects that even though the statute does not expressly include individuals, Texas courts recognize that individuals may be liable under state civil-rights statutes when acting as agents of a covered entity and when they personally participate in discriminatory conduct. ECF No. 7 at 6.

Plaintiff brought his claim against De La Cruz for violating Section 121.003 of the THRC. ECF No. 1-1 at 2. That statute states that "[n]o person with a disability may be denied admittance to any public facility in the state because of the person's disability." Tex. Hum. Res. Code § 121.003(c). "Section 121.004 grants an aggrieved disabled individual a civil cause of action against a *person* who violates section 121.003." *Schraer v. Tex. Health & Human Services Comm'n*, No. 13-12-00702-CV, 2014 WL 586036, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 13, 2014, no pet.). A "person" includes "a firm, association, corporation, or other public or private organization, or the agent of the person." Tex. Hum. Res. Code § 121.004. This language indicates that Plaintiff can state a claim under the THRC against De La Cruz as H-E-B's store manager. Dismissal with prejudice is thus inappropriate at this time.

## CONCLUSION

For the foregoing reasons, the R&R is **ADOPTED IN PART** and **REJECTED IN PART**. Plaintiff's motion to proceed IFP (ECF No. 1) is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's Complaint (ECF No. 1-1).

Plaintiff's claims for intentional infliction of emotional distress are **DISMISSED**. Plaintiff has leave to file an amended complaint no later than **July 22, 2026**, if he can, in good faith, allege sufficient facts to state these claims.

4

**IT IS FURTHER ORDERED** that no later than **July 23, 2026**, Plaintiff shall submit to the Clerk's Office copies of fully completed United States Marshal Service Form 285 for Defendants with fully completed addresses. The United States Marshal's Service shall serve Defendants with a copy of the original Complaint, any amended Complaint, and this Order by certified mail, return receipt requested.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff Tyrone Merritt at 307 Marshall Street, Suite 1009, San Antonio, TX 78212.

It is so **ORDERED**.

**SIGNED** this July 7, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE